# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00534-RJC-DSC

| | |
|---|---|
| MCI CIF, LLC, | ) |
|         Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| SOPREMA, INC., | ) |
|         Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss," Doc. 3, and the parties' associated briefs, Docs. 4, 9, and 10.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, Ex. 1, as true, Plaintiff MCI CIF, LLC ("MCI") is the owner of a commercial building in Charlotte, North Carolina. Until February 2015, MCI leased that building to Workflow One, LLC ("Workflow"), as its tenant. As the tenant, Workflow had obligations to MCI to maintain the building's roof. Sometime before 2013, Workflow hired Defendant Soprema, Inc. ("Soprema") to perform work on the roof. Soprema performed the work in a defective manner causing leaks and damage to the property. In June 2013,

Workflow and Soprema reached an agreement to resolve the parties' dispute over the damage. As part of this agreement, Soprema agreed to provide roofing materials to be used in repairing the roof and to transfer any warranties associated with those materials. MCI alleges that it was a third-party beneficiary of this agreement. MCI further alleges that Soprema breached its agreement with Workflow by failing to deliver the materials and transfer the warranties. MCI alleges that this breach by Soprema has damaged MCI by forcing it to procure materials to repair the roof at its own expense.

On September 30, 2015, MCI filed a Complaint alleging breach of contract in Mecklenburg County Superior Court. On November 5, 2015, Soprema removed the action to this Court based upon diversity of citizenship. On November 12, 2015, Soprema filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Soprema argues that MCI is neither a party to the contract nor an intended third-party beneficiary.

The Motion to Dismiss has been briefed and is now ripe for review.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

# III. DISCUSSION OF CLAIMS

In <u>Vogel v. Reed Supply Co.</u>, 177 S.E.2d 273 (N.C. 1970), the North Carolina Supreme Court adopted the Restatement of Contracts classification of third-party beneficiaries stating,

> Third party beneficiaries are divided into three groups: donee beneficiaries, where it appears that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary; creditor beneficiaries, where no purpose to make a gift appears and performance of the promise will satisfy an actual or supposed or asserted duty of the promise to the beneficiary; and Incidental beneficiaries, where the facts do not appear to support inclusion in either of the above categories. While duties owed to donee beneficiaries and creditor beneficiaries are enforceable by them, a promise of incidental benefit does not have the same effect. An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.

<u>Id.</u> at 278. Third party beneficiary status is determined by a review of the "circumstances surrounding the transaction as well as the actual language of the contract." <u>Holshouser v. Shaner Hotel Grp. Properties One Ltd. P'ship</u>, 518 S.E.2d 17, 25 (N.C. App. 1999).

MCI has alleged that (i) Workflow's lease with MCI obligated Workflow to maintain the roof of the subject property, and (ii) Workflow's agreement with Soprema aided in the discharge of that obligation. The undersigned concludes that at this stage of the proceedings, those factual allegations are sufficient to show that MCI was a direct creditor beneficiary of the contract between Soprema and Workflow.

Soprema argues that MCI has failed to attach a copy of the contract, quote the specific terms of the contract, or attach or plead terms the terms of the lease. However, as the Supreme Court of North Carolina has explained,

> There is no rule which requires a plaintiff to set forth in his complaint the full contents of the contract which is the subject matter of his action or to incorporate the same in the complaint by reference to a copy thereof attached as an exhibit. He must allege in a plain and concise manner the material, ultimate facts which constitute his cause of action. The production of evidence to support the allegations thus made may and should await the trial.

City of Wilmington v. Schutt, 45 S.E.2d 364, 366 (N.C. 1947).

In its Complaint, MCI alleges both the existence of an agreement between Soprema and Workflow and the specific provisions upon which MCI is basing its breach of contract claim. Consequently, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

## IV. **RECOMMENDATION**

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 3, be DENIED.

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: February 2, 2016

David S. Cayer
United States Magistrate Judge